IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KAREN PUGH**                                                                                 **PLAINTIFF**

**v.**                                                                                             **No. 3:24-cv-00064-MPM-RP**

**MAJESTIC MISSISSIPPI, LLC, et al.**                                             **DEFENDANTS**

## ORDER

Before the court is Defendant Unique Staffing and Cleaning, LLC's ("Unique") Motion to Set Aside Clerk's Entry of Default [26]. The plaintiff responded in opposition, but the response was improperly filed. The clerk sent notice directing the plaintiff's attorney to resubmit the document on July 9, 2024, and again on July 11, 2024, but no response has been filed. Nevertheless, the Court considered the plaintiff's response and finds that the defendant's motion to set aside default should be granted.

## PROCEDURAL HISTORY

This slip and fall case, originally filed in the Circuit Court of Tunica County, was removed to this Court on March 18, 2024. Though the case proceeded in state court for some time, Unique was not added as a defendant until several months after the case began. The circuit court first issued a summons to Unique on March 11, 2024, which was returned unexecuted. On May 1, 2024, the summons was reissued, and Unique was finally served on May 14, 2024.

## LEGAL STANDARD

The Federal Rules of Civil Procedure state that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The good cause requirement "has generally been interpreted liberally," and the three factors considered for determining good cause are "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3)

1

whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). This list is not exhaustive, and "[o]ther factors may be considered, such as whether the party acted expeditiously to correct the default." *Id.* The entry of default is generally disfavored and "should not be granted on the claim, without more, that the defendant has failed to meet a procedural time requirement." *G&C Land v. Farmland Mgmt. Servs.*, 587 F. App'x 99, 102 (5th Cir. 2014).

## ANALYSIS

### A. The Motion for Entry of Default Was Not Timely.

As an initial matter, the affidavit upon which the clerk's entry of default relied was inaccurate. The affidavit states:

> Defendant, Unique Staffing and Cleaning, LLC, was duly served with a copy of the Summons, together with a copy of the Amended Complaint, on the 20th day of February 2024 . . . [M]ore than thirty (30) days have elapsed since the date on which the said Defendant was served With Summons and a copy of the Amended Complaint."

[23-1] at 1. In fact, the summons that was ultimately executed by Unique Staffing was not even *issued* until May 1, 2024, and service was not perfected until May 14, 2024.

The plaintiff maintains in her response that she "filed a timely motion for default," but this is not the case. The Federal Rules of Civil Procedure state that a defendant that has not waived service "must serve an answer within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1). When computing time stated in days, "exclude the day of the event that triggers the period . . . and include the last day of the period." Fed. R. Civ. P. 6(a)(1). The last day for electronic filing ends "at midnight in the court's time zone." Fed. R. Civ. P. 6(a)(4).

Defendant had 21 days from May 14 to file its answer, giving defendant until midnight on June 4, 2024, to respond. The plaintiff's Motion for Entry of Default [23] on June 4 was, therefore,

2

premature. The clerk's entry of default, which relied upon the erroneous affidavit and the plaintiff's untimely motion, should be set aside.

**B.  Unique Has Shown Good Cause.**

The plaintiff argues that the defendant's failure to respond was willful, that the defendant has failed to present a meritorious defense, and that setting aside would prejudice her. Notably, the plaintiff's response relies exclusively on the Mississippi Rules of Civil Procedure and cases interpreting the same, which are inapplicable in this Court. Even if the cases cited by the plaintiff were relevant, they are not persuasive.

*1.  Unique's delay was not willful.*

First the plaintiff argues that the defendant's failure to respond was willful because the defendant "had plenty of opportunity to discover the lawsuit" and that Unique "willfully ignored all attempts to serve or contact them." But even if Unique had intentionally evaded service (which is more severe than the conduct alleged) it would not be enough to establish willfulness. "Intentionally evading service is insufficient to make a defendant's failure to answer willful because the duty to answer only arises after service has been perfected." *Jenkens & Gilchrist a Prof'l Corp. v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008).

Second, the plaintiff argues that, though Unique claims the delay was unintentional, "ignorance of the rules and laws are not an excuse." The Fifth Circuit has held, though, that "[a] party acts willfully when it intentionally fails to respond to the pleadings" *G&C Land*, 587 F. App'x at 102. Thus, if the defendant has shown that failing to respond was unintentional, as is the case here, it is a valid excuse. The plaintiff's argument that the defendant must provide "an

3

adequate showing of exceptional circumstances," is considerably more than the federal rules require.[1]

### 2. *All other factors weigh in favor of setting aside entry of default.*

The plaintiff argues that she would suffer prejudice from setting aside the default because she is negatively affected by the passage of time, which "may have caused evidence to be lost and allowed Plaintiff's injuries to propagate through lack of resolution." [29] at 5. This Court disagrees. The defendant's response was due on June 4, 2024, and Unique filed its motion to set aside default just thirteen days later on June 17, 2024. The defendant made an error and "acted expeditiously to correct the default." The defendant has also outlined a plausible meritorious defense, which Unique should have the opportunity to present. In sum, refusing to set aside the entry of default would be based on nothing more than the defendant's failure to meet a procedural time requirement, which is insufficient.

**ACCORDINGLY, IT IS ORDERED** that Defendant Unique Staffing and Cleaning, LLC's Motion to Set Aside Clerk's Entry of Default [26] is **GRANTED**.

**SO ORDERED** this the 15th day of July, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] The plaintiff cites a Mississippi case which contemplated the lower court's setting aside of a final judgment, governed by Miss. R. Civ. P. 60(b), as opposed to the entry of default at issue here.

4